UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAWN M. RARDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-00511-SEB-MJD |
| | ) | |
| NANCY P. BERRYHILL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Nancy A.

Berryhill, Acting Commissioner of the Social Security Administration, finding Plaintiff

Dawn M. Rardin not entitled to social security supplemental insurance ("SSI") and

disability insurance benefits ("DIB") under Title II and Title XVI of the Social Security

Act. *See* 42 U.S.C. §§ 416(i), 423(d), 1382(a). Ms. Rardin has appealed the adverse

determination, which was referred to Magistrate Judge Magistrate Judge Matthew P.

Brookman for issuance of a Report and Recommendation. The Report and

Recommendation proposes that the Commissioner's decision be remanded for further

analysis in keeping with the applicable law. The Commissioner has filed a timely

objection. For the reasons explained in this Order, we <u>OVERRULE</u> the Commissioner's

objections, <u>ADOPT</u> the conclusions of the Magistrate Judge, and <u>REMAND</u> this case to

the Social Security Administration for further consideration.

1

## **Standard for Proving Disability**

To be eligible for SSI or DIB, a claimant such as Ms. Rardin must have a disability as defined by 42 U.S.C. § 423, that is, an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." The claimant bears the burden of providing evidence that she is disabled, and must show through record evidence that an impairment from which she suffers meets all applicable criteria. *See, e.g.*, *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). The Commissioner acting by and through an ALJ conducts a five-step analysis in making an eligibility determination:  (1) if the claimant is engaged in substantial gainful activity, she is not disabled despite his medical condition and other factors; (2) if the claimant does not have a "severe" impairment (*i.e.*, one that significantly limits his ability to perform basic work activities), she is not disabled; (3) the Commissioner then determines whether the claimant's impairment or a combination thereof meets or medically equals any impairment appearing in the Listing of Impairments at 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is disabled; (4) if the claimant can perform her past relevant work given his Residual Functional Capacity ("RFC"), she is not disabled; and (5) if the claimant can perform any other work in the national economy, she is not disabled. *See* 20 C.F.R. § 404.1520. This case presents a "step three" appeal.

**Applicable Standard of Review**

The Court reviews the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Pepper v. Colvin*, 712 F.3d 351, 361-62 (7th Cir. 2015). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). An ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ need not address every piece of evidence in her decision, but she cannot ignore a line of evidence that undermines her conclusions, and she must trace the path of her reasoning and connect the evidence to her findings and conclusions. *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012). We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district judge reviews those elements *de novo,* determining for herself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. P. 72(b). The district judge "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the [judge] may, however, defer to those conclusions of the report and recommendation to which timely

objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs, Inc.*, 577 F.3d 752, 759–61 (7th Cir. 2009). We have conducted a *de novo* review here.

### Background and Procedural History[1]

Ms. Rardin maintains that she became disabled in January 2010 at age forty-eight. On November 28, 2012, she filed an application for SSI and DBI, alleging that she suffered from depression along with a number of physical impairments identified more fully below. Docket No. 13-2 (Tr.) at 34-74. The documents of record reflect, *inter alia*, that Ms. Rardin has an eighth grade education and experiences difficulty with following instructions and paying attention for longer than 30-minute periods. Docket No. 13-3 (R.) at 79.

Following the Social Security Administration's initial denial of Ms. Rardin's applications for DIB and SSI and on reconsideration, she appeared at a hearing during which an Administrative Law Judge ("ALJ") engaged in the sequential five-step analysis, concluding that Ms. Rardin was not disabled within the meaning of the Social Security Act for the relevant period of time. Docket No. 13-2 (Dec.) at 15-21. The ALJ's dispositive finding was that, although Ms. Rardin was severely impaired by lumbar degenerative disc disease, osteoarthritis in her left shoulder, tendonitis following arthroscopic surgery, chronic obstructive pulmonary disease, secondary tobacco use

---

[1] Because the facts are sufficiently laid out in the ALJ's opinion (Tr. at 15-21), the parties' briefing, and the Magistrate Judge's Report and Recommendation (Docket No. 24 at 4-24), we need not reiterate them in full here. We recount facts only as necessary to address the Commissioner's objections to the Report and Recommendation.

disorder, coronary artery disease and hypertension, obesity, fibromyalgia, and an affect and anxiety disorder, these impairments, neither individually, nor in combination, did not meet or medically equal any of the listed impairments at 20 C.F.R. pt. 404, subpt. P, App. 1. Dec. at 18-21. This appeal also challenges the ALJ's credibility-oriented finding that "the claimant's failure to follow her prescribed regimen detracted from her allegations regarding the severity and limiting nature of her severe musculoskeletal impairments." Dec. at 24.

Ms. Rardin sought further review, culminating in the Appeals Council denial of her request on January 12, 2016. R. at 2. At this point, the Commissioner's decision became final, *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015), and Ms. Rardin timely exercised her right to judicial review of the Commissioner's adverse decision under 42 U.S.C. § 405(g).

Before this court, Ms. Rardin has argued that: (1) the ALJ erred by discrediting her reports of subjective complaints regarding fibromylgia; (2) the ALJ "unjustly accused Rardin of alleged noncompliance with treatment"; (3) the ALJ failed to provide an explanation regarding the finding that Rardin's impairments do not meet or equal Listing 1.04 and to obtain medical opinion as to the possible equaling of this with other conditions set out in the Listings. Docket No. 16 (Pl.'s Br.) at 14-32.

The case was referred by this judge to Magistrate Judge Brookman for initial decision. On February 6, 2016, Magistrate Judge Brookman issued a Report and Recommendation finding that the Commissioner's decision should be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration. The Magistrate concluded

that the ALJ did not sufficiently analyze whether Ms. Rardin's fibromyalgia met or medically equaled one of the listings (Docket No. 23 (R&R) at 11-12) and erred in not determining whether good cause for her non-compliance with treatment methods existed before using it as a basis to discount her credibility (*id* at 12-15). The Magistrate Judge also held that the ALJ did not err in analyzing Ms. Rardin's subjective complaints about fibromyalgia (*id* at 7-11); in assessing her limitations in maintaining concentration, persistence or pace, memory deficit, or severe daytime fatigue (*id* at 15-19); or in concluding that Ms. Rardin's impairments did not meet or equal listing 1.04, a spinal disorder compromising, among other things the nerve root or spinal cord (*id*. at 19-24).[2] Thus, Magistrate Judge Brookman identified two grounds for remand to correct errors in the ALJ's analysis. This case is now before the Court on the Commissioner's Objections to the Magistrate Judge's Report and Recommendation.

### Discussion

This appeal involves allegations that fall within the third step of the sequential evaluation process, which addresses whether a claimant's impairment or a combination thereof meets or medically equals any impairment set out in the Listing of Impairments at 20 C.F.R. pt. 404, subpt. P, App. 1.

The Commissioner raises two objections to the Magistrate Judge's Report and Recommendation. Docket No. 24 (Def.'s Obj.) at 1-4. First, the Commissioner argues the

---

[2] We do not address the Magistrate Judge's conclusions in these respects because they are not challenged.

6

ALJ did not commit an error warranting remand based on the ALJ's alleged failure to specifically discuss Ms. Rardin's fibromyalgia in the context of the Listing-related portion of the analysis; alternatively, assuming he did err, such error was harmless. *Id.* at 1-3. Second, the Commissioner maintains that the ALJ did not err in basing his credibility determination in part on Ms. Rardin's failure to comply with prescribed treatment for her shoulder impairments by, for example, wearing a sling and limiting the use of her shoulder. We address these issues in turn below.

## I.     The ALJ's Listing-related analysis of Ms. Rardin's Fibromyalgia

The Commissioner asserts that the Magistrate Judge unjustifiably "criticizes the ALJ for failing to specifically discuss whether Plaintiff's fibromyalgia, alone or in combination with other impairments, equaled any listing impairment." Def.'s Obj. at 1. According to the Commissioner, the ALJ's analysis of this issue was sufficient such that no error occurred and, alternatively, even assuming the ALJ erred, any such error was harmless. *Id.* at 1-3.

Fibromyalgia, a rheumatic disease, is a "common, but elusive and mysterious disease," one whose disabling effects are difficult to discern because of the unavailability of objective clinical tests. *See Sachet v. Charter*, 78 F.3d 305, 306-07 (7th Cir. 1996). Neither the ALJ nor the parties dispute that Ms. Rardin suffers from fibromyalgia or that it alone does not appear as a Listing. Rather, the issue is whether the ALJ adequately considered whether this impairment—alone or in combination with one of Ms. Rardin's many other impairments—met or was medically equivalent to one of the Listings.

In his analysis, the ALJ concluded that fibromyalgia was one of the severe impairments from which Ms. Rardin suffered. Tr. at 16. Further, at step three of the sequential analysis, the ALJ asserted that "due to a recent Ruling on fibromyalgia, the [ALJ] recognizes that the record contains a number of references to the foregoing condition." Dec. at 18. However, the ALJ made no mention of medical records reflecting the impairment caused by fibromyalgia. Instead, the ALJ stated: "SSR 12-2p provides that fibromyalgia cannot meet a listing in appendix 1 because it is not a listed impairment." *Id.* This, along with the ALJ's statement that he considered the "exacerbatory impact" of Ms. Rardin's obesity, was the extent of the ALJ's analysis. *Id.*

The Magistrate concluded (R&R at 11-12)—correctly, in our view—that the ALJ did not sufficiently analyze whether Ms. Rardin's fibromyalgia met or medically equaled one of the Listings, such as Listing 14.09D for inflammatory arthritis, at step three of the sequential analysis. Social Security Policy interpretation makes clear that though fibromyalgia is not a listed impairment, it may be a medical equivalent to a Listing or it may equal a Listing in combination with another qualifying impairment. SSR 12-2p, available at:  https://www.ssa.gov/OP_Home/ rulings/di/01/SSR2012-02-di-01.html (last visited March 29, 2017).

The Commissioner argues that an ALJ's listing determination must be read as a whole, and that, here, the ALJ "did not err in failing [to] expressly state that he relied on the state agency physicians' expert opinions to conclude that Plaintiff's fibromyalgia did not medically equal the severity of any listed impairment." Def. Obj. at 3. Indeed, it is well settled that an ALJ is entitled to rely on the state agency physician's opinion. *See,*

8

*e.g., Sheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). However, as the Magistrate Judge concluded, the ALJ's statements do not reveal whether he did so properly rely on this evidence. ALJs are required to make a decision at step three based on a consideration of all the relevant record evidence. 20 C.F.R. 404.1526(e) ("the responsibility for deciding medical equivalence rests with the administrative law judge"); 20 C.F.R. 404..1526(c) (the ALJ shall "consider all evidence in [a claimant's] case record about [her] impairment(s) and its effects on you that is relevant to this finding." Where a step three decision requires an assessment of medical equivalence to a listing, "longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence of the evidence" should be given appropriate weight. *See Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004) (quoting SSR 96-6p). Because it is not clear that the ALJ relied on the substantial evidence in the record, especially the state agency physicians' reports, and because the ALJ did not articulate a connection between any of that evidence and his conclusion on this issue, we cannot accept the Commissioner's assertions.

Further, the cases relied on by the Commissioner do not compel a contrary result. The Commissioner cites to a footnote within *Rice v. Barnhart*, 384 F.3d 683, 370 n.5 (7th Cir. 2004), which provides that an ALJ is not required to restate conclusion at steps three and five of his analysis. The *Rice* Court held: "Because it is proper to read the ALJ's decision as a whole, and because it would be a needless formality to have the ALJ repeat substantially similar factual analyses at both steps three and five, *cf. Orlando v. Heckler*, 776 F.2d 209, 213 (7th Cir.1985) (refusing to require an ALJ to lay out his

9

determinations and supporting reasoning in a 'conclusion' section, as opposed to a 'discussion' section, and calling any such requirement a 'needless formality'), we consider the ALJ's treatment of the record evidence in support of both his conclusions at steps three and five."

Here, the ALJ engaged in an adequate discussion of Ms. Rardin's other impairments and relied on the judgment of the state-agency consultants at step three, but failed to do so at the same step regarding her fibromyalgia. Similarly, the part of *Buckhannon ex rel. J.H. v. Astrue*, 386 Fed. App'x 674, 678-79 (7th Cir. 2010), relied upon by the Commissioner, is not controlling. That aspect of the case rejects a challenge to an ALJ's decision on the grounds that the discussion of whether the applicable impairments met a Listing was not contained within a single paragraph. The issue here is whether the ALJ failed to discuss at all the critical medical evidence. The record shows that Ms. Rardin was diagnosed with fibromyalgia and exhibits some of the symptoms that are hallmarks of the condition. *See* R. at 43, 74, 79. Thus, contrary to the position of the Commissioner, the ALJ's sparse analysis cannot be viewed as a harmless error. *See Barnett*, 381 F.3d at 670 (approving of a decision to remand where an ALJ gave Step Three only "two-sentence consideration"). This was the view expressed by the Magistrate Judge, which we share.

## II.    The ALJ's Consideration of Ms. Rardin's Noncompliance with Treatment as a Grounds for Assessing Credibility

The Commissioner maintains that the ALJ "reasonably and appropriately concluded that Plaintiff's condition was not as limiting as she asserted, given that even

when she did not follow treatment advice she did not demonstrate significant limitations." Def.'s Obj. at 4. The Commissioner thus takes issue with the portion of the Report and Recommendation that concluded the ALJ erred in factoring into his credibility determination Ms. Rardin's failure to follow prescribed treatment, such as wearing a sling and limiting the use of her shoulder, without considering whether Ms. Rardin had good cause for such failures.

We do not disturb an ALJ's credibility finding unless it is "patently wrong." *Shideler v. Astrue*, 688 F.3d 306, 310-11 (7th Cir. 2012) (internal citation omitted). This deference is not unlimited, however. An ALJ must identify specific reasons for the credibility finding, supported by references to evidence in the record, and addressing other relevant factors. *Zurawski v. Halter*, 245 F.3d 881, 887 (7 th Cir. 2001) (citing SSR 96-7p)). Our task is "merely [to] examine whether the ALJ's determination was reasoned and supported"—whether the ALJ considered the entire record and gave specific reasons for the weight given to a claimant's statement of those of others. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

Here, the Magistrate Judge concluded that the ALJ did not properly question Ms. Rardin as to her failure to attend physical therapy and her non-compliance in wearing her arm sling. R&R at 13-15. He pointed out that Ms. Rardin had testified before the ALJ that she lacked insurance, which prevented her from fully following her doctor's orders. *Id*. at 14-15. Nevertheless, the ALJ only questioned Ms. Rardin on the issue of finances by inquiring as to who paid for her cigarettes. R&R at 15; R. at 68.The Commissioner asserts that the ALJ generally recognized in his decision that Ms. Rardin's financial

11

hardship interfered with her care, which was sufficient. Def.'s Obj. at 3-4; Dec. at 24. We disagree.

Social Security Ruling 96-7p, referenced above, is instructive, providing in pertinent part:

> [T]he adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment. The adjudicator may need to recontact the individual or question the individual at the administrative hearing in order to determine whether there are good reasons the individual does not seek medical treatment or does not pursue treatment in a consistent manner. The explanations provided by the individual may provide insight into the individual's credibility.

Here, the ALJ's only discussion of Ms. Rardin's lack of financial means or insurance coverage to afford treatment is in the context of the credibility finding. Once the ALJ recognized that the record did not contain any explanation for Ms. Rardin's noncompliance with treatment, SSR 96-7p required that he not draw an adverse credibility inference but, instead, consider re-questioning Ms. Rardin as to the issue. To be sure, ALJs bear at least some responsibility for probing matters in order to develop the record. *See, e.g., Nelms v. Astrue*, 555 F.3d 1093, 1098 (7th Cir. 2009). Here, the ALJ was required to conduct a deeper analysis where, there was no explanation for Ms. Rardin's non-compliance with her prescribed treatment.

The Commissioner seeks to justify the ALJ's credibility finding by arguing that, even though Ms. Rardin was non-complaint with her prescribed treatment (i.e., wearing her sling), she retained a reasonable range of motion in her arm. Docket No. 24 at 4. This

argument misses the point. The ALJ acknowledged on the record that Ms. Rardin did not mention cost limitations to her post-operative care, but he failed to inquire about her non-compliance, instead drawing a negative credibility inference. Thus, remand is appropriate to correct this erroneous finding.

In sum, these issues require further inquiry on remand. For the foregoing reasons, we <u>ADOPT</u> the Magistrate Judge's Report and Recommendation and <u>REMAND</u> the case to the ALJ for further consideration. *Briscoe v. Sullivan*, 501 U.S. 89, 98 (1991) (holding that a court may remand the case after passing on its merits and issuing a judgment affirming, modifying, or reversing the Commissioner's decision).

## III.   Conclusion

For the foregoing reasons, based on our *de novo* review, we <u>OVERRULE</u> the Commissioner's objections and <u>ADOPT THE RECOMMENDED DISPOSITION</u> as set forth above.  This case is <u>REMANDED</u> to the Social Security Commissioner for further consideration in accordance with this Order.

**IT IS SO ORDERED.**


Date:  _____3/31/2017_____                    _____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
Kathryn.olivier@usdoj.gov